Caruthers, J.,
delivered the opinion of the Court.
This is a motion made at the instance and upon the motion of the trustee of Dyer county, for $6,852.00, the amount of the county taxes of 1854, collected and not paid over by the sheriff.
The motion was made at February Term, 1855, of -the Circuit Court of Dyer, in the name of the chairman of that county, Samuel McDavid.
At the next June Term, a motion to amend by inserting the name of H. Clark, the successor of *440 McDavid, as chairman, was allowed by the Court, and exception taken. Judgment was rendered' for $5,033.00 against the defendant, Dawson & Clark, Cornell & Wood, his sureties.
The defendants appealed in error to this Court, and make various questions for a reversal.
1. It is insisted that the motion should have been made in the name of the State, and not that of the chairman. It is admitted that these motions were required by the act oí 1835, ch. 15, §, 15, and until the passage of the act of 1848, to be made in the name of the' chairman. It is argued that this last act changed the law as to the proper party, that by it all official bonds are required to be taken-, payable to the State- and suits to be instituted by any one interested in them, may be in the name of the State; before that time the bonds of the sheriff for the county taxes were made payable to the chairman of the County Court, and the argument is, that the change of the obligee would necessarily change the party in these motions, and that the act of 1835, expressly directing the motion to be made in the name of the chairman^ was repealed by implication in that particular, by the act of 1848. This does not necessarily follow. This last act was passed for the purpose of producing uniformity, and by that to prevent mistakes. Before that, some of these bonds were to be made payable o the Governoi*, others to the chairman, &c. In cases where they were not taken as directed by the statute, serious difficulties arose in the operation of the rights of the parties under them, as they were not then considered as statutory bonds, but only good, if *441 valid at all, as common law bonds. So it was an improvement to make them all payable to the State, and to authorize suits to be brought upon them in the name of the State, by all persons interested. But it does not by any means, follow, that there is no other mode of obtaining redress against an officer under bonds, or that the provision of the act of 1835, on that subject is superseded.
By the 15th sec. of the act of 1835 — “If any sheriff or collector of any county in this State, shall neglect or refuse to settle and pay over to the county trustee,” in the time prescribed, “it shall be the duty of the county trustee, by himself, or the attorney general, of the district, to move for judgment, in the name of the chairman,” &c. In 1848, no attempt was made to change the mode of proceeding, or the obligations of the official bond, but only the obligee to whom the penalty was to be paid.
This is not a suit for the penalty, nor for the amount of taxes due to the county trustee from the sheriff. The money is to be paid to the trustee, as the fiscal agent of the county, no matter what name may be used in the proceeding for its collection. But still the name prescribed by the law must be used, and that as we have seen in the chairman of the Court. We will not say that since the act of 1848 the motion might not also be made in the name of the State; but that is not now a question. The sheriff is liable by virtue of his office, and the bond is only necessary to show who are his sureties, and as such jointly responsible for the defalcation.
2. It is objected that after the motion, an amend *442 ment was allowed, by striking out the name of Mc-David and inserting that of Clark, and thereby changing the plaintiff in the suit. This beeame necessary by the change of chairman by the County Court, and we think was admissible under the act of 1852, ch. 152, § 6. The construction contended for, by which this section would be confined to suits in the common law form, would be two rigid and technical for the spirit in which it was conceived, and the promotion of the ends of justice for which it was designed. It would be entirely incompatible with the course of decision in the Courts, and cannot be adopted without violating the intention of the Legislature.
3. Clark, the chairman, is one of the sheriff’s sureties and as such, there is judgment against him. It is contended that there is error in this, because he cannot be both plaintiff and defendant. It Would be a refined technicality to apply that rule to cases like this. He is not a party in interest, the county is the real party, and his name is only used in his official character. The substance is, that the chairman of the County Court is the nominal party, and Clark as an individual, one of the defendants. It is the same in this respect as if it were different persons. If this were not so, and the rule applied, a surety by obtaining the office of chairman, might avoid liability.
4. The fourth and last error assigned is, that this motion was prematurely made. This argument is founded upon the effect of the act of 1852, ch. 172, § 2. By the law, as it previously existed, the sheriff was bound to settle for the county taxes by the end of each year. That act provides that the County Court *443 at the April Term of each year, may release the sheriff from accountability for “insolvencies, removals, and improper taxation of taxes” for the preceding year, and the clerk’s certificate shall' entitle him to a credit with the comptroller or county trustee in settlement. This motion was made at the February Term of the Circuit Court.
We cannot see how this could change or postpone the period of accountability. It is not insisted that it does so expressly, but by necessary implication. We think differently. Both laws may well stand together. If the sheriff obtains a release after having paid over the taxes, it would, of course, be refunded to him, by order of the Court, granting the allowance or release.
We think, therefore, there is no error in the judgment in this case, and affirm it.